# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 585 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Anthony O. Longstreet, Sr. (#2007-0044202) v. Milton Seaton, et al. | | |

**DOCKET ENTRY TEXT:**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] pursuant to 28 U.S.C. § 1915(g). If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).

■ [For further details see text below.]                                                         Docketing to mail notices.

## STATEMENT

     Plaintiff, Anthony O. Longstreet, Sr., currently an inmate at Cook County Jail, seeks leave to file this *pro se* civil rights complaint *in forma pauperis.*

     The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

     Plaintiff lodged his complaint on January 25, 2008, after the enactment of the PLRA; § 1915(g) therefore applies to this complaint. *See Lucien v. Jockisch*, 133 F.3d 464, 468 (7th Cir. 1998). Numerous courts have considered the retroactive application of § 1915(g) on civil actions filed by prisoners which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted and have uniformly held that dismissals preceding the effective date of the PLRA should be counted. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 811 (7th Cir. 1998); *Lucien,* 133 F.3d at 469; *Tierney v. Kupers,* 128 F.3d 1310 (9th Cir. 1997); *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996); *Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996); *Green v. Nottingham,* 90 F.3d 415 (10th Cir. 1996).

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

At least three of Plaintiff's previous actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Longstreet v. Castrovillo*, 95 C 1432 (C.D. Ill.) (McDade, J.) (dismissed pursuant to 28 U.S.C. § 1915 as frivolous on Dec. 6, 1995); *Longstreet v. Roper*, 94 C 1505 (C.D. Ill.) (McDade, J.) (dismissed pursuant to 28 U.S.C. § 1915 on Jan. 11, 1995); *Longstreet v. Flynn*, 94 C 427 (S.D. Ill.) (Gilbert, J.) (dismissed on Feb. 21, 1995, as frivolous).

Plaintiff's current complaint does not allege that he is in imminent danger of serious physical injury. Accordingly, 28 U.S.C. §1915(g) prevents him from proceeding without the full prepayment of the $350 filing fee.

The Court therefore denies Plaintiff's motion for leave to file *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). If Plaintiff does not pay the $350 filing fee within 30 days, the Court will enter judgment dismissing this case in its entirety. *See* N.D. Ill. Local Rule 3.3(e).